Filed 8/25/23  In re K.G. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| In re K.G., et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E080711 |
| Plaintiff and Respondent, | (Super.Ct.No. DPR12200201) |
| v. | OPINION |
| J.G., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dorothy McLaughlin, Judge.  Affirmed.

Shobita Misra, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham Julie K. Jarvi, Deputy County Counsel for Plaintiff and Respondent.

1

At the jurisdiction and disposition hearing, the juvenile court found the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) does not apply in this case. Defendant and appellant J.G. (Mother) contends the juvenile court erred in its finding because plaintiff and respondent Riverside County Department of Public Social Services (the Department) failed to ask extended family members about possible Indian ancestry. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On December 21, 2022, with protective custody warrants in hand, the Department detained K.G. and R.G. (collectively, the children).

## DISCUSSION

When a child welfare agency takes temporary custody of a child in an emergency situation, without a warrant, then the agency "has a duty to inquire whether that child is an Indian child." (§§ 224.2, subd. (b), 306.) That duty includes questioning extended family members. (25 U.S.C.A. § 1903(2).)

In the instant case, the Department did not take the children into temporary custody without a warrant. Rather, the Department had protective custody warrants when detaining the children. "That difference matters because the statutory provision on which Mother relies says that it matters. [Citation.] The inquiry obligation prescribed by subdivision (b) of section 224.2 was not triggered." (*In re Robert F.* (2023) 90 Cal.App.5th 492, 500 (*Robert F.*); contra *In re Delila D.* (2023) 93 Cal.App.5th 953; and see *In re Ricky R.* (2022) 82 Cal.App.5th 671, 680.) In other words, because the Department detained the children via protective custody warrants,

2

the Department did not have a duty to question extended family members about their ancestry. The juvenile court did not err in finding ICWA was inapplicable.

To avoid this court's interpretation of section 224.2, subdivision (b), Mother contends the Department had a duty to inquire of extended relatives under section 224.2, subdivision (a). Section 224.2, subdivision (a), provides, "The court, county welfare department, and the probation department have an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300, 601, or 602 may be or has been filed, is or may be an Indian child. The duty to inquire begins with the initial contact, *including, but not limited to*, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child." (Italics added.) Other appellate courts have interpreted the "including, but not limited to" language as imposing an obligation upon child welfare "agencies to ask all relevant involved individuals whether the child may be an Indian child. (§ 224.2, subds. (a)-(c); see *In re D.F.* (2020) 55 Cal.App.5th 558, 566.)" (*In re T.G.* (2020) 58 Cal.App.5th 275, 290.)

In *Robert F.*, this court concluded that section 224.2, subdivision (a), by its plain language "does not require the county welfare department or the court to question extended family members as part of the initial inquiry in every case. [However,] case-specific circumstances may require the department to interview extended family members under [subdivision (a)] . . . . For instance, if the parents deny any Indian ancestry, but a family member later contacts the social worker and volunteers that the

family has Indian ancestry, then the department cannot ignore that claim." (*Robert F.*, *supra*, 90 Cal.App.5th at p. 504.)

In the instant case, Mother does not assert that ancestral information was volunteered by the children's extended family members. Instead, Mother contends there was "no obligation to volunteer information. [Citations.] The statute imposes on the agency and the juvenile court, and not the parents, the duty of inquiry." We follow *Robert F.* In the absence of ancestral information volunteered by an extended family member, the Department did not have a duty to inquire of extended family members under section 224.2, subdivision (a). (*Robert F.*, *supra*, 90 Cal.App.5th at p. 504.)

## DISPOSITION

The disposition order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

I concur:

CODRINGTON
J.

4

[*In re K.G. et al.*; E080711]

McKINSTER, J., Dissenting:

I respectfully dissent and would follow *In re Delila D.* (2023) 93 Cal.App.5th 953.  I would affirm the dispositional orders and findings but remand the case to the trial court to comply with ICWA inquiry and any notice obligations, if applicable.  (*In re Dominick D*. (2022) 82 Cal.App.5th 560, 568.)

McKINSTER      
Acting P. J.

1